<span style="color:red">**Corrected**</span>

# In the United States Court of Federal Claims

No. 25-1522

(Filed: February 2, 2026)

**NOT FOR PUBLICATION**

```
*****************************************
ERIC DAVON DAVIS,                        *
                                         *
                 Plaintiff,              *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                 Defendant.              *
*****************************************
```

*Eric Davon Davis*, Moreno Valley, CA, pro se.

*Yariv S. Pierce*, U.S. Department of Justice, Washington, DC, counsel for Defendant.

## OPINION AND ORDER

**DIETZ, Judge.**

Eric Davon Davis, proceeding *pro se*, filed a complaint against the United States seeking $498,400,000 for breach of contract and for a taking in violation of the Fifth Amendment to the United States Constitution. The government seeks to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. For the following reasons, the government's motion is **GRANTED**.

### I. BACKGROUND

On March 30, 2024, Mr. Davis "recorded a Common Law Copyright Notice and Security Agreement with the U.S. Copyright Office . . . establishing contractual protections and treble damages provisions against unauthorized use or obstruction of [his] identity." Compl. [ECF 1] ¶ 5 (emphasis omitted); *see* [ECF 1-2] at 5-10. On September 18, 2024, "the U.S. Department of State (Houston Passport Agency) issued a letter [to Mr. Davis] denying his passport application." [ECF 1] ¶ 6 (emphasis omitted); *see* [ECF 1-2] at 11. The State Department indicated that Mr. Davis was "ineligible to receive passport services because the Department of Health and Human Services (HHS) certified that [he] owe[d] child support." [ECF 1-2] at 11. On September 30, 2024, Mr. Davis wrote to the State Department seeking clarification of its decision and supporting documentation. [ECF 1] ¶ 8; [ECF 1-2] at 12-13. The State Department responded on October 28, 2024, noting that its "records indicate that [he was] still ineligible [for a passport] due to owing child support," and that "[n]either this passport agency nor the Department of State

[had] information concerning [his] child support obligation." [ECF 1-2] at 14 (emphasis omitted); *see* [ECF 1] ¶ 8. Mr. Davis sent the State Department another letter on March 18, 2025. [ECF 1] ¶ 8; [ECF 1-2] at 16-17. According to Mr. Davis, the State Department's "denial of his passport application, constitute[es] an uncompensated taking of a cognizable property interest." [ECF 1] ¶ 2. Mr. Davis contends that he is entitled to "contractual treble damages under unrebutted private contract terms." *Id.* The government filed its motion to dismiss on November 17, 2025. Def.'s Mot. to Dismiss [ECF 8]. Mr. Davis filed his response on December 10, 2025, Pl.'s Opp. [ECF 10], and the government filed its reply on January 9, 2026, Def.'s Reply [ECF 12].[1]

## II.  LEGAL STANDARDS

The United States Court of Federal Claims has limited jurisdiction. *See Transcountry Packing Co. v. United States*, 568 F.2d 1333, 1336 (Ct. Cl. 1978). Its jurisdiction is primarily defined by the Tucker Act, which waives the sovereign immunity of the United States for non-tort claims founded upon the Constitution, an Act of Congress, an executive department regulation, or an express or implied contract with the United States. *See* 28 U.S.C. § 1491(a)(1). The Tucker Act is solely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, a plaintiff must identify a right to money damages created by some constitutional provision, statute or regulation, or express or implied contractual relationship with the United States to invoke jurisdiction under the Tucker Act. *Khan v. United States*, 201 F.3d 1375, 1377 (Fed. Cir. 2000).

"Jurisdiction is a threshold matter that must be resolved before the Court can take action on the merits." *Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). To establish jurisdiction in this Court, "all that is required is a determination that the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). If the court determines that the source is not money-mandating, then the court lacks jurisdiction and the case should be dismissed. *Id.* at 1308 (citing *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)). Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") governs the dismissal of claims for lack of subject-matter jurisdiction. In deciding a motion to dismiss for lack of subject-matter jurisdiction, the court accepts all undisputed factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

Even if a plaintiff successfully establishes jurisdiction based on a money-mandating source of law, if the court concludes that the facts as pled do not fit within the scope of the

---

[1] On January 9, 2026, the Clerk of Court received a document from Mr. Davis titled "Plaintiff's Pre-Judgment Constitutional Memorandum in Support of Motion for Summary Judgment and Motion to Strike Defendant's Reply as Insufficient and Evasive." The Clerk did not file the document because no provision in the rules (or a court order) provided for its filing. *See* Order [ECF 13]. Nonetheless, the Court directed the Clerk to file the document by leave of the judge, *id.*, and the document was subsequently filed on the docket, [ECF 14].

money-mandating source, the court is required to dismiss the claim on the merits under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. *Adair v. United States*, 497 F.3d 1244, 1251 (Fed. Cir. 2007) (citing *Fisher v. Unites States*, 402 F.3d 1167, 1173, 1175-76 (Fed. Cir. 2005)). "To survive a motion to dismiss [under RCFC 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.-Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Additionally, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nevertheless, "[d]espite this permissive standard, a pro se plaintiff must still satisfy the court's jurisdictional requirements." *Treviño v. United States*, 113 Fed. Cl. 204, 208 (2013), (citing *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004)), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014). Further, "[a]lthough *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest." *Hutchens v. United States*, 89 Fed. Cl. 553, 560 (2009).

### III.   DISCUSSION

The government argues that because "[t]he complaint alleges 'contractual protections' and 'contractual damages' but fails to establish that Mr. Davis was in privity of contract with the [g]overnment," the complaint should be dismissed for lack of jurisdiction. [ECF 8] at 4. Additionally, the government contends that, although the complaint alleges a violation of the Takings Clause of the Fifth Amendment based on the government's refusal to give Mr. Davis a passport, the "right of international travel has been considered to be no more than an aspect of the liberty protected by the Due Process Clause of the Fifth Amendment." *Id.* at 5-6 (internal quotation marks omitted). Therefore, the government argues that the complaint should be dismissed for failure to state a claim. *Id.* For the reasons stated below, the Court finds as follows. First, to the extent Mr. Davis asserts a breach of contract claim, the Court lacks subject matter jurisdiction under RCFC 12(b)(1) because Mr. Davis failed to properly allege the existence of a contract. Alternatively, to the extent that Mr. Davis's breach of contract claim is construed as a copyright infringement claim, the Court must dismiss it for failure to state a claim upon which relief may be granted under RCFC 12(b)(6). Next, to the extent that Mr. Davis asserts a Fifth Amendment taking claim, the Court must dismiss it for failure to state a claim upon which relief may be granted under RCFC 12(b)(6). Alternatively, to the extent that Mr. Davis's Fifth Amendment taking claim is construed as a Fifth Amendment due process claim, the Court lacks subject matter jurisdiction under RCFC 12(b)(1). The Court begins by addressing what appears to be Mr. Davis's breach of contract claim.

"[F]or purposes of a Rule 12(b)(1) motion, the usual presumption is that a contract exists if it is properly alleged." *Total Med. Mgmt., Inc. v. United States*, 29 Fed. Cl. 296, 299 (1993). However, when the moving party can show that the plaintiff has failed to properly allege the existence of a contract, "the motion to dismiss should be granted without prejudice." *Id.* (citing *E. Trans–Waste of Md., Inc. v. United States*, 27 Fed. Cl. 146, 150, 152 (1992); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 at 212 (1990)); *see also*

3

*Ibrahim v. United States*, 799 F. App'x 865, 867 (Fed. Cir. 2020) ("A non-frivolous allegation that a contract exists between a plaintiff and the United States is sufficient to invoke the subject matter jurisdiction of the Claims Court, but dismissal may be proper for 'lack of subject matter jurisdiction if the claim is "wholly insubstantial and frivolous."'" (quoting *Lewis v. United States*, 70 F.3d 597, 602-04 (Fed. Cir. 1995)). Here, the Court finds that Mr. Davis failed to properly allege the existence of a contract. Specifically, the Court finds that, despite Mr. Davis's claim that the document he recorded with the U.S. Copyright Office on March 30, 2024, afforded him "contractual protections," [ECF 1] ¶ 5, the document does no such thing. Rather, the document—which is titled "Common Law Copyright Notice"—appears to be an attempt by Mr. Davis at copyrighting or trademarking his name. *See* [ECF 1-2] at 7 ("Said common-law trade-name/trade-mark, **ERIC DAVIS**, may neither be used, nor reproduced, neither in whole nor in part, nor in any manner whatsoever, without the prior, express, written consent and acknowledgement of [Eric Davon Davis]."); *see also id.* at 5-6 (U.S. Copyrights Office Certificate of Recordation dated Mar. 30, 2024). However, an individual may not obtain copyright protection for his or her own name. 37 C.F.R. § 202.1(a) (stating that names are "not subject to copyright"); *see also Miles v. United States*, No. 14-416, 2014 WL 5020574, at *4 n.7 (Fed. Cl. Oct. 6, 2014) ("The court has no jurisdiction over [the plaintiff's] copyright infringement claim because his complaints do not contain 'a nonfrivolous allegation that [he] is within the class of plaintiffs entitled to recover under the money-mandating source' of law alleged in the complaints." (second alteration in original) (quoting *Jan's Helicopter Serv., Inc.*, 525 F.3d at 1309)). Accordingly, because Mr. Davis failed to properly allege the existence of a contract between himself and the United States, the Court dismisses Mr. Davis's breach of contract claim for lack of subject matter jurisdiction under RCFC 12(b)(1).

Alternatively, even if the Court were to construe Mr. Davis's breach of contract claim as a copyright infringement claim, it must be dismissed for failure to state a claim upon which relief may be granted because it does not contain sufficient factual allegations to survive the RCFC 12(b)(6) standard. Although the Court of Federal Claims has exclusive jurisdiction over copyright infringement claims against the United States under 28 U.S.C. § 1498(b), outside certain inapplicable statutory exceptions, registration of a copyright is required to bring a claim for copyright infringement. *See* 17 U.S.C. § 411(a); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) (holding that copyright registration is a nonjurisdictional precondition to suit). Thus, "[t]o prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying by the alleged infringer." *Jennette v. United States*, 77 Fed. Cl. 126, 131 (2007) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Here, although Mr. Davis alleges that he recorded a document with the U.S. Copyright Office, document recordation by the U.S. Copyright Office is not the same as receiving a valid copyright registration. *See* U.S. COPYRIGHT OFFICE, WHAT IS A COPYRIGHT?, https://www.copyright.gov/what-is-copyright/ [https://perma.cc/38JR-XAR6] (last visited on Jan. 30, 2026) (showing distinction between copyright registration and document recordation). For a copyright owner to "enforce the exclusive rights of copyright through litigation," it must apply for copyright registration and receive a registration certificate from the Copyright Office. *Id.* The Copyright Office's document recordation process does not provide copyright registration. It merely consists of accepting certain documents to be publicly filed and indexed for the public to review. U.S. COPYRIGHT OFFICE, DOCUMENT RECORDATION, https://www.copyright.gov/recordation/ [https://perma.cc/5C38-GZ85] (last visited on Jan. 30,

2026). In his complaint, Mr. Davis appears to conflate document recordation and copyright registration based on his attachment of a "Certificate of Recordation," which appears to be on U.S. Copyright Office letterhead. This document does not constitute a copyright registration certificate needed to support a copyright infringement claim against the United States. *See* [ECF 1-2] at 5-6. Accordingly, Mr. Davis's copyright infringement claim fails because his complaint fails to include or reference a copyright registration. Furthermore, Mr. Davis does not provide any factual allegations surrounding the alleged infringement. *See generally* [ECF 1]. Thus, the Court dismisses Mr. Davis's "copyright infringement claim" under RCFC 12(b)(6). *See El Bey v. United States*, 152 Fed. Cl. 773, 777 (2021) ("In sum, [plaintiff] has not pleaded sufficient facts to support any element required to state a plausible claim for copyright infringement against the United States. As such, pursuant to RCFC 12(b)(6), the claim must be dismissed."); *accord Miles*, 2014 WL 5020574, at *4 ("There is no allegation in the complaints that [the plaintiff] applied for a copyright in order to satisfy the preconditions for a copyright infringement suit.").

      Next, the Court addresses what appears to be Mr. Davis's Fifth Amendment taking claim. *See* [ECF 1] ¶¶ 11-12. The Takings Clause of the Fifth Amendment prohibits the government from taking "private property . . . for public use, without just compensation." U.S. Const. amend. V. To determine whether governmental action constitutes a taking, the court considers "whether the claimant has identified a cognizable Fifth Amendment property interest" and, if so, "whether that property interest was 'taken.'" *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 854 (Fed. Cir. 2009) (citations omitted). According to Mr. Davis, the State Department's refusal to issue him a passport "deprived [him] of a protected property interest in international travel, constituting a taking without just compensation in violation of the Fifth Amendment." [ECF 1] ¶ 12. Although "[i]t is well-established that the Takings Clause of the Fifth Amendment is a money-mandating source of law for purposes of Tucker Act jurisdiction," *Aviation & Gen. Ins. Co. v. United States*, 121 Fed. Cl. 357, 362 (2015) (citing *Jan's Helicopter Serv., Inc.*, 525 F.3d at 1309), the right to travel internationally has not been viewed by the courts as a property interest subject to the protections of the Fifth Amendment Takings Clause. Instead, the claim is more appropriately construed as a claim under the Due Process Clause of the Fifth Amendment. *See Haig v. Agee*, 453 U.S. 280, 307 (1981) ("[T]he right of international travel has been considered to be . . . an aspect of the liberty protected by the Due Process Clause of the Fifth Amendment." (internal quotation marks omitted)). However, unlike the Takings Clause, the Due Process Clause is not money mandating and cannot be used to invoke jurisdiction in this Court. *See Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) ("[T]he due process clause does not obligate the government to pay money damages."); *Rojas-Vega v. United States*, 782 F. App'x 994, 996 (Fed. Cir. 2019) (affirming dismissal of Fifth Amendment Due Process claims because Fifth Amendment Due Process clause is not money-mandating). To the extent that Mr. Davis bases his Fifth Amendment taking claim on the government's "wrongful withholding of the passport itself," [ECF 10] at 3 (emphasis omitted), as opposed to "the abstract constitutional 'right to travel,'" *id.*, Mr. Davis has failed to identify a cognizable Fifth Amendment property interest. Passports issued by the United States are not the property of the individual passport holder; thus, they remain the property of the United States. *Pendleton v. United States*, No. 24-656, 2024 WL 4639259, at *3 (Fed. Cl. Oct. 29, 2024) (citing 22 C.F.R. § 51.7(a)). Therefore, Mr. Davis's Fifth Amendment taking claim must be dismissed under RCFC 12(b)(6) for failure to state a claim upon which relief may be granted.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above, Defendant's Motion to Dismiss, [ECF 8], is **GRANTED**, and Mr. Davis's complaint is **DISMISSED WITHOUT PREJUDICE**. Because this Court dismisses Mr. Davis's complaint, the Court **FINDS AS MOOT** "Plaintiff's Motion for Summary Judgment and Motion to Strike," [ECF 14]. The Clerk is hereby **DIRECTED** to enter judgment consistent with this opinion.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz<br>
THOMPSON M. DIETZ, Judge